GEORGE LLOYD HASSELBACK
Hasselback Law Office, LLC
Gualo Rai Village
PMB 378 PPP
Box 10,000
Saipan, MP 96950
Telephone No.: (670) 235-2496
Fax No.: (877) 553-2257
Email: george@hasselbacklaw.com

MICHAEL J. NAKANO
Cox, Wootton, Lerner, Griffin & Hansen LLP
841 Bishop Street, Suite 1099
Honolulu, HI 96813
Telephone No.: 808.744.7020
Fax: 808.744.7030
Email: mnakano@cwlfirm.com

Attorney for Plaintiff.

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Takahisa Yamamoto, | CIVIL ACTION NO. 16-_____ |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| M/V Luta, O.N. 635750 | |
| *in rem* Defendant | |
| and | |
| Luta Mermaid, LLC, | |
| Abelina T. Mendiola, | |
| Deron T. Mendiola, | |
| Fidel S. Mendiola, III, | |
| Fidel Mendiola, Jr., | |
| Victor Hocog, | |

|                    |   |
|--------------------|---|
| and                | ] |
|                    | ] |
| Robert Toelkes,    | ] |
|                    | ] |
|         Defendants.| ] |
|                    | ] |

COMES NOW, Plaintiff TAKAHISA YAMAMOTO ("Plaintiff"), through his attorneys, and for a Verified Complaint against the above named Defendants *in rem* and *in personam*, alleging as follows:

## JURISDICTION AND VENUE

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rule C for Certain Admiralty and Maritime Claims, and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. In the alternative, this Court has jurisdiction pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

3. Venue is proper in this Court because the Vessel is within this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff is a citizen and resident of Japan.

5. *In rem* Defendant M/V LUTA, O.N. 635750 ("Vessel") is a 146.5' x 38', 237 gross ton, 161 net ton, United States Coast Guard documented vessel.

6. Upon information and belief, *in personam* Defendant LUTA MERMAID, LLC ("Luta Mermaid") is a limited liability company organized and operated pursuant to the laws of the Commonwealth of the Northern Mariana Islands and the owner/operator of the Vessel.

7. Upon information and belief, *in personam* Defendant Abelina T. Mendiola ("A. Mendiola") is a citizen of the United States and a resident of Rota, CNMI and a manager/shareholder of Luta Mermaid.

8. Upon information and belief, *in personam* Defendant Deron T. Mendiola ("D. Mendiola") is a citizen of the United States and a resident of Rota, CNMI and a manager/shareholder of Luta Mermaid.

9. Upon information and belief, *in personam* Defendant Fidel S. Mendiola, III ("F. Mendiola, III") is a citizen of the United States and a resident of Rota, CNMI and a manager/shareholder of Luta Mermaid.

10. Upon information and belief, *in personam* Defendant Fidel Mendiola, Jr. ("F. Mendiola Jr.") is a citizen of the United States and a resident of Rota, CNMI.

11. Upon information and belief, *in personam* Defendant Victor Hocog ("Hocog") is a citizen of the United States and a resident of Rota, CNMI.

12. Upon information and belief, *in personam* Defendant Robert Toelkes ("Toelkes") is a citizen of the United States and a resident of Berrytown, Kansas.

13. Throughout this Verified Complaint, all *in personam* Defendants shall be collectively referred to as "IP Defendants."

## FACTS

14. Beginning on or about 2013, Plaintiff began to visit the island of Rota, CNMI as a tourist. Over the course of several trips to Rota, Plaintiff began to grow very fond of Rota, its many sights and its generous and (generally) kind-hearted people. Plaintiff eventually formed a deep commitment to the Rota community, and began to associate with several prominent members thereof.

15. Over the course of this developing association, Plaintiff grew personally acquainted with some (if not all) of the IP Defendants.

16. Sometime during 2013, certain of the IP Defendants approached Plaintiff about funding the purchase and operation of a commercial shipping vessel to be used to service the Island of Rota which was in dire need of these services. Plaintiff was told by certain of the IP Defendants that the municipal government of Rota would also be funding this purchase and operation. Certain of the IP Defendants promised Plaintiff that if he were to provide six-hundred thousand dollars ($600,000.00), the local government of Rota would provide a matching six-hundred thousand dollars ($600,000.00). Certain of the IP Defendants also assured Plaintiff that between funding from Plaintiff and the municipal government of Rota would be adequate for the purchase and operation of a commercial shipping vessel to service the island of Rota.

17. In January of 2014, Plaintiff first funded the business by providing money to Kizuna Marine, Inc., an entity under the control of IP Defendants. He initially wired approximately seven-hundred thousand dollars ($700,000.00) into an account held by Kizuna Marine, Inc. Upon information and belief, some, if not all, of Plaintiff's initial funding was not used for the acquisition of a vessel. Instead certain of the IP Defendants withdrew some, if not all, of the funds for their own personal benefit. Plaintiff was then told by certain of the IP Defendants that another entity (Luta Mermaid, LLC) had to be formed to purchase the vessel. Upon information and belief, these statements were made by certain of the IP Defendants in order to induce Plaintiff to provide financial support for the business entity while furthering their fraudulent scheme to provide additional funding.

18. In March of 2014, certain of the IP Defendants again represented to the Plaintiff that the municipal government of Rota was poised to fund the business. Upon information and

belief, these statements were made to assure Plaintiff that he would not be the only source of funding and that the business would have government backing.

19. The Rota municipal government did not contribute to the business as Plaintiff had been promised by certain of the IP Defendants.

20. In June of 2014, and again at the urging of certain of the IP Defendants, Plaintiff advanced *another* six-hundred thousand dollars ($600,000.00) to the Luta Mermaid, LLC. Plaintiff did so, in part, because of his good will to the people of Rota and his desire to see the project succeed. Plaintiff was led to believe by the IP Defendants that the project would fail without his further contribution because the Rota municipal government failed to provide matching funds.

21. In September of 2014, certain of the IP Defendants provided Plaintiff a document called "Luta Mermaid Expense Report." This document was prepared by IP Defendant Toelkes. Upon information and belief, this document was, in part, materially false, misleading and was intended to put Plaintiff's mind at ease and to induce him to provide more money to the control of the IP Defendants to fund the purchase and delivery of the aforementioned commercial vessel, including approximately six-hundred and eighty-two thousand dollars ($682,000.00) for "necessaries". This document acknowledged Plaintiff's funding of over one-point two million dollars ($1,200,000.00). This document also purported to provide an accounting of how that money was spent. Upon information and belief, that accounting was fundamentally flawed, incomplete and misleading. Based upon the conclusions reached in this questionable document, certain IP Defendants asked Plaintiff to loan to Luta Mermaid, LLC an *additional* six-hundred and eighty-two thousand dollars ($682,000.00) that would be repaid in six (6) months. Based upon these statements and promises by the IP Defendants and their further inducements, Plaintiff

advanced another six-hundred and ninety-thousand dollars ($690,000.00) over the next two (2) months to Luta Mermaid, LLC.

22. Despite the promises to pay Plaintiff's new loan back over six (6) months, none of the IP Defendants has made any payment to Plaintiff.

23. In January of 2015, certain of the IP Defendants again sought to assure Plaintiff that his funding of the purchase and operation of a shipping vessel (by this time christened "M/V Luta") would result in significant financial benefits as well as serving the people of Rota with much-needed shipping services. Again, Plaintiff was told that the business needed more money and based upon the promises and assurances made by certain of the IP Defendants, Plaintiff advanced another one-point three million dollars ($1,300,000.00).

24. In July of 2015, certain of the IP Defendants again reassured him that as soon as the vessel arrived on Rota and began operations, his funds would be repaid as a secured creditor as there were many commercial customers lined up and waiting. Particularly, Plaintiff was told that there were significant numbers of investors ready and willing to invest in the island of Rota, all contingent upon the establishment of reliable shipping services. Plaintiff was again asked for his patience and support. Upon information and belief, these statements were made by certain of the IP Defendants in order to assuage the reasonable concerns that Plaintiff had been communicating regarding the lack of progress with the project.

25. In January of 2016, certain of the IP Defendants again communicated with Plaintiff to ask that he contribute more money to the project. Again, certain of the IP Defendants pleaded with Plaintiff for his continued support of the project and appealed to his sense of affection for the people of Rota. Again, Plaintiff was assured that with some more money and some more time, all would come together for the project and his financial support would be well rewarded. Plaintiff

was told he was the only one who could facilitate the final expenses for the M/V Luta and besieged for additional support. Based upon these assurances, Plaintiff transferred another one-hundred and nine-thousand dollars ($109,000.00) to Luta Mermaid, LLC. Certain of the IP Defendants promised that this amount would be repaid in March of 2016. Nothing has been paid to Plaintiff to date.

26. In May of 2016, Plaintiff was again asked for more money by certain of the IP Defendants, but this time, Plaintiff declined to give any more.

27. To date, Plaintiff has never been paid any of the money he has been promised nor has he been provided an accurate accounting of the funds that he provided for the business.

28. To date, the M/V Luta has not been operated in a commercially reasonable manner in order to maximize the potential for commercial gain in order to reimburse Plaintiff for his contributions to the purchase, outfitting and operation of the M/V Luta.

29. Upon information and belief, despite having sufficient funds to do so (most of them Plaintiff's), the IP Defendants have not reasonably maintained the M/V Luta, have not paid the wages of the sailors assigned to the vessel and have wasted an undetermined amount of the money intended to do so by personally enriching themselves.

30. Upon information and belief, all of the IP Defendants have worked in concert to convince the Plaintiff to continue to contribute to a business that would not only benefit him financially, but provide a necessary benefit for the people of Rota. Upon information and belief, an undetermined amount of funds provided by Plaintiff to this project have been misspent and diverted by the IP Defendants for their own personal gain and enrichment. Upon information and belief, the IP Defendants have acted in concert to take advantage of the generosity of Plaintiff for their own financial gain.

### Count I - In rem

31. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

32. From on or about January 2014 to February of 2016, Plaintiff provided advances and/or loans to purchase goods and services for the Vessel. The goods and services included labor, wages owed to crewmembers serving aboard the vessel, repairs, supplies, insurance premiums, provisions, equipment and materials.

33. The goods and services provided to the Vessel by Plaintiff were delivered to and used by the Vessel upon order of the Vessel's owners, operators and/or authorized agents.

34. The goods and services provided to the Vessel are necessaries and constitute valid and enforceable preferred maritime liens pursuant to 46 U.S.C. §31301 et seq. and/or general maritime law.

35. The advances and/or loans used to pay crew wages give rise to preferred maritime liens pursuant to 46 U.S.C. § 10313 for seaman's wages and penalties. Plaintiff is entitled to payment for the advances and/or loans used to pay crew pursuant to 46 U.S.C. § 10313 and/or general maritime law and has a preferred maritime lien on the Vessel as a result.

36. As of February 2016, some portion of the three-million, four-hundred and fourteen-thousand dollars ($3,414,000.00) in advances and/or loans contributed by the Plaintiff had been provided to the Vessel for necessaries. To the best of Plaintiff's estimation, approximately one-million, nine-hundred and eighty-two thousand dollars was provided to the Vessel for necessaries.

37. All attempts by Plaintiff to collect the monies owed to him have been unsuccessful.

38. This Court therefore should enter judgment against the Vessel, including the Vessel's engines, tackle, freights, and apparel, as set out below.

## Count II - Breach of Contract

39. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

40. Defendants entered into maritime contracts with Plaintiff to supply advances and/or loans to purchase goods and services for the Vessel.

41. Plaintiff fully performed all of his obligations under the maritime contracts with Defendants.

42. Defendants materially breached the maritime contracts when they failed to repay Plaintiff for the goods and services which were provided to the Vessel.

43. As a direct and proximate result of Defendants' material breach of contract, Plaintiff has incurred losses in an amount to be proven at the time of trial.

## Count III - Fraud

44. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

45. IP Defendants repeatedly made materially false statements to the Plaintiff with the specific intent to induce him to contribute to the purchase and operation of a commercial shipping vessel on Rota. These false statements include, but are not limited to:

   a. promises that the municipal government of Rota would "match" Plaintiff's contributions to the project;

   b. promises that certain amounts of money would be repaid to Plaintiff within certain amounts of time;

   c. promise that Plaintiff would have a ship mortgage on the Vessel for certain loans and advances;

  d. promises that significant numbers of investors were poised to hire the M/V Luta as soon as it began operation;

  e. inflated, misstated and outright false statements of costs, expenses and profitability of the proposed commercial shipping venture;

  f. false statements to Plaintiff that he could not directly own or have ownership control over a business entity because he was not a United States citizen;

  g. and repeated promises that with the contribution of more money, significant progress could be made towards the successful purchase and operation of a commercial shipping vessel on Rota.

46. The IP Defendants knew, or had reason to know, that the aforementioned statements were false at the time they made them to Plaintiff.

47. The aforementioned materially false statements were made by the IP Defendants with the specific intent to induce Plaintiff to give them money.

48. Plaintiff reasonably relied upon the aforementioned statements made by the IP Defendants.

49. As a direct and proximate result of his reliance upon the aforementioned statements made by the IP Defendants, Plaintiff has been damaged in an amount to be proven at the trial of this matter.

50. The IP Defendants are each individually liable for the actions of the other IP Defendants, because, as alleged above, and upon information and belief, the IP Defendants knowingly and willfully met, conferred and otherwise agreed upon a course of action to induce Plaintiff to provide money for the stated purpose of purchasing and operating a commercial shipping vessel on the island of Rota, but in reality, with the specific intent to enrich themselves

and others with which they were associated and/or related with said money. In effect, IP Plaintiffs agreed on a course of action that was intended to defraud Plaintiff of as much money as they could and took significant steps in furtherance of this plan.

51. The IP Defendants are each individually liable for the actions of the other IP Defendants, because, as alleged above, and upon information and belief, the IP Defendants acted in concert with one another to achieve their goal of defrauding Plaintiff of as much money as possible and/or acted in common design with one another to do so.

52. The IP Defendants are each individually liable for the actions of the other IP Defendants, because, as alleged above, and upon information and belief, the IP Defendants knew that the conduct of one or more of their members constituted a breach of duty to Plaintiff and, so knowing, gave substantial assistance or encouragement to one or more of their members in their conduct in defrauding the Plaintiff.

53. The IP Defendants are each individually liable for the actions of the other IP Defendants, because, as alleged above, and upon information and belief, the IP Defendants gave substantial assistance to one another in accomplishing the fraud upon the Plaintiff, and their own conduct, separately, considered, would constitute a breach of duty to the Plaintiff.

54. The actions of IP Defendants were purposeful, malicious and made with intent sufficient to justify the award of enhanced, special and/or punitive damages to Plaintiff.

## Count V - Unjust Enrichment

55. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

56. Plaintiff provided advances and/or loans for the purchase of goods and services to the Vessel in accordance with agreements he had with the IP Defendants.

57. The IP Defendants have been unjustly enriched by their failure to pay Plaintiff for the goods and services which were provided.

58. As a direct and proximate result of the IP Defendants' unjust enrichment, Plaintiff has incurred losses in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff TAKAHISA YAMAMOTO respectfully demands judgment and prays as follows:

A. That process in due form of law according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against M/V LUTA, O.N. 635750, her engines, tackle, furniture, apparel, appurtenances, bunkers and all other necessaries, ant that all persons claiming any title or right to said vessel may be cited to appear and answer under oath the allegations of this Verified Complaint;

B. That the Vessel, her engines, tackle, freights, etc. be arrested pursuant to Supplemental Rule C to the extent of the amount of Plaintiff's total maritime liens against her as alleged above, plus interest and costs;

C. That the Vessel, her engines, tackle, furniture, apparel, appurtenances, bunkers and all other necessaries be condemned and sold to pay the demands of Plaintiff, with interest and costs;

D. That this Court enter judgment against Defendants for general, special and/or punitive damages, in the amounts set out herein and/or to be proved at trial;

E. That Plaintiff recover from all Defendants, jointly and severally, the amount of any deficiency, including attorneys' fees, expenses and costs that may be due Plaintiff after applying the proceeds of the sale of the Vessel to the amount of the decree herein;

F.  That IP Defendants provide a complete and accurate accounting of the disposition of any and all funds he contributed to them for the purchase and operation of a commercial shipping vessel on Rota;

G.  That Plaintiff have such other and further relief deemed just and proper by this Honorable Court.

Respectfully submitted this __24th__ day of __October__, 2016,

_____
George Lloyd Hasselback, Esq.
Attorney for Plaintiff.

VERIFICATION OF TAKAHISA YAMAMOTO

| | |
|---|---|
| OSAKA | ) |
| | ) SS. |
| JAPAN | ) |

TAKAHISA YAMAMOTO deposes and says:

I have read the contents of the preceding Verified Complaint, know the contents thereof, and the same is true of my own knowledge, except to the matters therein stated upon information and belief. As to those matter, I believe them to be true and accurate as to the same degree as if they were based upon personal knowledge and/or observation.

This Verification is made pursuant to Rule E.3, Local Admiralty Rules, United States District Court for the Northern Mariana Islands and 28 U.S.C. § 1746. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and accurate.

DATED: September 21, 2016.

_Takahisa Yamamoto_
TAKAHISA YAMAMOTO