**BAR NO. F0300**

Law Offices
**CUNLIFFE & COOK**
210 Archbishop Flores St., Ste. 200
Hagåtña, GU  96910
Telephone:   (671) 472-1824
Telefax:       (671) 472-2422

Attorneys for:    Defendant Victor Hocog

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TAKAHISA YAMAMOTO,<br><br>                              Plaintiff,<br><br>          vs.<br><br>M/V LUTA, O.N. 635750,<br><br>                              In rem<br>                              Defendant,<br><br>and,<br>LUTA MERMAID, LLC,<br>ABELINA T. MENDIOLA,<br>DERON T. MENDIOLA,<br>FIDEL S. MENDIOLA, III,<br>FIDEL MENDIOLA, JR.<br>VICTOR HOCOG,<br>M/V LUTA, ON.N. 635750, and<br>ROBERT TOELKES,<br><br>                              Defendants. | CIVIL CASE NO. **CV16-0027**<br><br><br><br>**MOTION TO DISMISS<br>COMPLAINT** |

**COMES NOW**, Defendant VICTOR HOCOG (hereafter "Defendant HOCOG"),

through counsel, law offices of **CUNLIFFE & COOK**, A Professional Corporation, by

Jeffrey A. Moots, Esq., and hereby moves the Court, to dismiss the Complaint filed

herein, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure .

## **FACTS**

The Complaint contains 58 paragraphs. Defendant HOCOG is named one time in paragraph 11. Throughout the remaining portion of the Complaint, the Complaint makes allegations as follows: "some (if not all) of the IP Defendants, "Paragraph 15" upon information and belief, … the IP Defendants, "Paragraphs 29 and 30;" Defendants, Paragraphs 40, 41, 42 and 43; "IP Defendants", Paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57; and "certain of the IP Defendants." Paragraphs 16, 17, 18, 19, 20, 21, 23, 24, 25 and 26. Paragraphs 44 through 54 are counts alleging fraud.

## **MEMORANDUM OF LAW**

Federal Rules of Civil Procedure 9(b) requires allegations of fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Failure to adequately set forth the allegations of fraud or mistake subject the complaint to dismissal pursuant to the Federal Rules of Civil Procedure 12(b)(6). Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir., 1988). The factual basis set forth in the Complaint is comprised of ¶¶14 through 30. There is nothing to indicate that Defendant HOCOG participated in any of the factual allegations. In order to set forth a claim for fraud, Plaintiff must assert who, what, when, where and how in particularity. Vess v. Ciba-Geigy Corp. USA., 317 F.3d 1097, 1106 (9th Cir., 2003).

Allegations of fraud must include the "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir., 2007). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff

must set forth what is false or misleading about the statement and why it is false. <u>Vess</u>, <u>supra</u> at 1106.

A review of the fraud claim, ¶¶44 through 50 establish no such allegations specifically directed to fraud. The complaint is bereft of any allegations that Defendant HOCOG participated in any of the matters factually alleged or set forth in the paragraphs relating to fraud.

The Complaint, having completely failed to plead any statement that links Defendant HOCOG to any of the actions pled, most particularly under the fraud allegations, requires dismissal. The Complaint does not meet the requirements of who, what, when, where and how; the Complaint does not set forth what is false or misleading about the statements and why it is false; and it does not link any of the activity to any specific person.

The Complaint does not set forth factual allegations beyond a right to relief above a speculative level as against Defendant HOCOG. <u>Bell Atl. Corp. v. Twombly,</u> 550 US 44, 555, 127 S.Ct., 1955 (2007). The Complaint must set forth "enough facts to state a claim to a relief that is plausible on its face." <u>Id.</u>, at 570. Defendant HOCOG asserts that this would include alleging specifically what it is that he has done to bring him before the Court.

Rule 9(b) serves three purposes: 1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pre-text for the discovery of unknown wrongs"; 2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and 3) to "prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous

social and economic costs absent some factual basis." In re: Stac. Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir., 1996).

Rule 8a(2) of the Federal Rules of Civil Procedure requires a party's pleading to contain a short and plain statement of the claims showing that the pleader is entitled to relief.  Although the Federal Rules encourage brevity, the pleading must contain enough information to give Defendants "fair notice of what the Plaintiffs claim is and the grounds upon which it rest." (Cite omitted), Tellabs Inc., v. Makor Issues & Rights Ltd., 551 US 308, 319, 127 S.Ct. 2499, 2507 (2007). Plaintiff's allegations must "posses enough heft" to demonstrate entitlement to relief and thus justify continuing costly litigation. Bell Atlantic Corp v. Twombly, 550 US 544, 557, 127 S.Ct. 1955, 1966 (2007). Plaintiff must allege sufficient facts to move beyond mere speculation, to "nudge their claim across the line from conceivable to plausible." Ibid at 570, 127 S.Ct. (1955) in the case at bar, because the allegations which are specific to the factual basis of the claim never mentioned Defendant HOCOG, the claims are deficient.

## CONCLUSION

For the foregoing reasons, the court should dismiss the Complaint against Defendant HOCOG for failure to comply with Rule 8.a(2) of the Federal Rules of Civil Procedure and Rule 9(b) Federal Rules of Civil Procedure.

Respectfully submitted this 16th day of November, 2016.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant Victor Hocog

By JEFFREY A. MOOTS, ESQ.

~ 4 ~