**BAR NO. F0130**

**F. RANDALL CUNLIFFE, ESQ.**
**LAW OFFICES**
**CUNLIFFE & COOK**
210 Archbishop Flores St., Ste. 200
Hagåtña, GU  96910
Telephone:  (671) 472-1824
Telefax:      (671) 472-2422

Attorneys for:   Defendant Victor Hocog

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TAKAHISA YAMAMOTO,<br><br>      Plaintiff,<br>vs.<br><br>M/V LUTA, O.N. 635750,<br><br>      In rem Defendant,<br><br>and,<br>LUTA MERMAID, LLC,<br>ABELINA T. MENDIOLA,<br>DERON T. MENDIOLA,<br>FIDEL S. MENDIOLA, III,<br>FIDEL MENDIOLA, JR.<br>VICTOR HOCOG,<br>M/V LUTA, ON.N. 635750, and<br>ROBERT TOELKES,<br><br>      Defendants. | CIVIL CASE NO. **CV16-0027**<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

  **COMES NOW**, Defendant VICTOR HOCOG (hereafter "HOCOG"), through counsel, the law offices of **CUNLIFFE & COOK**, A Professional Corporation, by F. Randall Cunliffe, Esq., and hereby moves the Court, to dismiss the Complaint filed herein, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure .

HOCOG previously filed a Motion to Dismiss the Complaint and Plaintiff filed a First Amended Complaint. In order to attempt to bolster the Complaint to state a cause of action against HOCOG, Plaintiff alleged that he grew personally acquainted with HOCOG (then a CNMI Senator), that HOCOG's position, as a Senator and a member of the community, would benefit Plaintiff and that Plaintiff would be well looked after in his business dealings on Rota, ¶15. That HOCOG approached Plaintiff about funding the purchase and operation of a commercial fishing vessel to be used in Rota and that the Municipal Government of Rota would also be funding this purchase and operation to the tune of $600,000.00 and that the funding would be sufficient for the purchase and operation of the commercial fishing vessel to service the island of Rota, ¶16. Plaintiff alleges that this information was materially false and were made to induce Plaintiff to provide more money.[1] That HOCOG assured Plaintiff he could trust the word of Fidel Mendiola Jr. and A. Mendiola, ¶20.

HOCOG confirmed the Municipal Government of Rota was prepared to contribute to the funding of the commercial vessel and that HOCOG's political and social status would ensure that the proposed business was successful, ¶21.

In paragraph 22, Plaintiff avers that the Municipal Government of Rota did not contribute to the business as Plaintiff has been promised, which is an untrue statement.

HOCOG urged Plaintiff to advance another $600,000.00 to the project and continued to vouch for F. Mendiola, Jr. and A. Mendiola's statements, ¶23. That Plaintiff was introduced to Toelkes by HOCOG and on information and belief, HOCOG had intended Plaintiff to rely on Toelkes as a "financial consultant".

---

[1] The Municipal Government of Rota did provide a substantial amount of money to this undertaking.

HOCOG continued to vouch for F. Mendiola, Jr. and A. Mendiola, ¶26.

That based upon statements and promises by HOCOG and further inducements Plaintiff had advanced another $690,000.00 to Luta Mermaid, LLC.

HOCOG continued to vouch for F. Mendiola and A. Mendiola and promised Plaintiff that he would use his political position and influence in the community to ensure that Plaintiff's investment was returned with profit, ¶30. HOCOG told Plaintiff that when the vessel arrived in Rota and began operations, Plaintiff's sums would be repaid as a secured creditor and that many commercial customers were lined up and waiting. Further, HOCOG is alleged to have indicated that there were significant number of investors ready to invest in the island of Rota contingent upon a reliable shipping service. HOCOG asked Plaintiff for patience and support, ¶ 31. HOCOG continued to reassure Plaintiff and to vouch for F. Mendiola, Jr. and A. Mendiola, ¶32.

## ARGUMENT

The court, on following motions, has ruled that Plaintiff would not file a maritime claim and ceased the vessel because he was a joint venture in the purchase and operation of the vessel.

### (A) Breach of Contract.

The court having found that there was a joint venture between Plaintiff and other Defendants besides HOCOG for the purchase and operation of the vessel effectively eradicates his arguments that he was to be a secured creditor and had a cause of action for breach of contract. On that basis alone, the court should dismiss the breach of contract claim against HOCOG.

In further argument, HOCOG offers the following:

The elements of a contract are offer, acceptance and consideration. Isla Financial Services v. Sablan, 2001 WL34883530, 6 NMI 338, 2001 MP 21. A contract is not binding and enforceable unless it is predicated upon, bargained for consideration. Isla, supra, ¶9. To constitute consideration, a performance or a return promise must be bargained for.

A "mere moral obligation, even if coupled with an expressed promise, does not constitute consideration sufficient to form a contract". Isla, supra, ¶¶14, 15.

"The formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration. Markoff v. Lizama, 2016 MP7, 2016 WL3360436. Manifestation of mutual assent to an exchange requires that each party either make a promise or begin or render a performance." Markoff, supra, ¶10.

Plaintiff alleges that Luta Mermaid, LLC has shareholders and managers of A. Mendiola, D. Mendiola and F. Mendiola, III, ¶38. Based upon the averments in paragraph 27, it appears that all of the monies advanced by Plaintiff were to Luta Mermaid, LLC. The vessel MV Luta is owned by Luta Mermaid, LLC. Plaintiff has alleged no information that would indicate that HOCOG is an owner of, director of, or manager of Luta Mermaid, LLC. Plaintiff alleges that there is a maritime contract with HOCOG and that Plaintiff has performed all his obligations under said maritime contract. Plaintiff alleges that Defendants breached the maritime contract when they failed to repay Plaintiff for the goods and services which were provided to the vessel, ¶50.

There are no averments within the First Amended Complaint which create a contract between Plaintiff and HOCOG. Plaintiff may have given money to Luta Mermaid, LLC, who is the owner of the MV Luta, but there are no allegations of any legal connection between HOCOG and Luta Mermaid, LLC. There is no consideration passed to HOCOG as part of this purported contract and therefore, Plaintiff has failed to plead sufficient facts upon which the Complaint can withstand a Motion to Dismiss.

### (B) Fraud.

Plaintiff has also asserted a claim of fraud against HOCOG. As previously argued in the original Motion to Dismiss in this case, Plaintiff has not properly pled fraud.

Federal Rules of Civil Procedure 9(b) requires allegations of fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Failure to adequately set forth the allegations of fraud or mistake subject the complaint to dismissal pursuant to the Federal Rules of Civil Procedure 12(b)(6). Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir., 1988). The factual basis set forth in the Complaint is comprised of ¶¶14 through 38. In order to set forth a claim for fraud, Plaintiff must assert who, what, when, where and how in particularity. Vess v. Ciba-Geigy Corp. USA., 317 F.3d 1097, 1106 (9th Cir., 2003).

Allegations of fraud must include the "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir., 2007). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff

must set forth what is false or misleading about the statement and why it is false. Vess, supra at 1106.

A review of the fraud claim, ¶¶52 through 62 are that HOCOG is alleged to have said to trust Fidel Mendiola; that HOCOG's social and political status would ensure success; that Plaintiff would be repaid; and there were interested investors. The complaint is bereft of any allegations as to the particularity required by Vess, supra.

The Complaint does not meet the requirements of who, what, when, where and how; the Complaint does not set forth what is false or misleading about the statements and why it is false.

The Complaint does not set forth factual allegations beyond a right to relief above a speculative level as against Defendant HOCOG. Bell Atl. Corp. v. Twombly, 550 US 44, 555, 127 S.Ct., 1955 (2007). The Complaint must set forth "enough facts to state a claim to a relief that is plausible on its face." Id., at 570. Defendant HOCOG asserts that this would include alleging specifically what it is that he has done to bring him before the Court.

Rule 9(b) serves three purposes: 1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pre-text for the discovery of unknown wrongs"; 2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and 3) to "prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." In re: Stac. Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir., 1996).

Rule 8a(2) of the Federal Rules of Civil Procedure requires a party's pleading to contain a short and plain statement of the claims showing that the pleader is entitled to relief. Although the Federal Rules encourage brevity, the pleading must contain enough information to give Defendants "fair notice of what the Plaintiffs claim is and the grounds upon which it rest." (Cite omitted), <u>Tellabs Inc., v. Makor Issues & Rights Ltd.</u>, 551 US 308, 319, 127 S.Ct. 2499, 2507 (2007). Plaintiff's allegations must "posses enough heft" to demonstrate entitlement to relief and thus justify continuing costly litigation. <u>Bell Atlantic Corp v. Twombly</u>, 550 US 544, 557, 127 S.Ct. 1955, 1966 (2007). Plaintiff must allege sufficient facts to move beyond mere speculation, to "nudge their claim across the line from conceivable to plausible." <u>Ibid</u> at 570, 127 S.Ct. (1955) in the case at bar, because the allegations which are specific to the factual basis of the claim never mentioned Defendant HOCOG, the claims are deficient.

### (C) <u>HOCOG is protected by legislative immunity.</u>

At the time of the allegations brought in the Complaint, HOCOG was a senator from the District of Rota, Commonwealth of the Northern Mariana Islands. NMI Constitution, Art.II, §12, states:

> "(a) member of the legislature may not be questioned in any other place for any written or oral statements in the legislature and a member of the legislature may not be subject to arrest for on going or coming from a meeting of the legislature except for the commission of treason, a felony or breach of the peace."

Legislation immunity extends beyond just speech and debate; it has been interpreted to extend actions taken by legislatures in the course of their legislative process. See, Sablan v. Tenorio, 4 NMI 351, 355 (1996); Gravel v. United States, 408 US 606, 617 (1972); Eastland v. United States Servicemens Fund, 421 US 491, 502-03 (1975); Miller v. Transamerican Press, Inc., 709 F.2d 524, 528 (9th Cir., 1983); legislative immunity covers actions taken by legislators when they are acting within the "legislative sphere". See, Sablan at 355. Once it is established that their action at issue took place within the legislative sphere, it bars a criminal or civil suit whether it is brought against the legislator in his official and/or his personal capacity, since legislative immunity, like judicial immunity, is absolute immunity. See generally, Tenney v. Brandhove, 341 US 367, 377-378 (1951).

Plaintiff alleges that HOCOG's position as a senator would benefit Plaintiff, that HOCOG said the Municipality of Rota would help fund the operation and HOCOG stated he would use his political position to ensure that Plaintiff's investment was returned with a profit.

As can be seen by Plaintiff's Complaint, the actions of HOCOG surround his actions taken in the course of the legislative process, and for those actions, he is immune.

///

///

///

## CONCLUSION

For the foregoing reasons, the court should dismiss the Complaint against HOCOG for failure to comply with Rule 8.a(2) of the Federal Rules of Civil Procedure and Rule 9(b) Federal Rules of Civil Procedure.

Respectfully submitted this 20th day of March, 2017.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant Victor Hocog

By _____
F. RANDALL CUNLIFFE, ESQ.